1  PAUL L. REIN, Esq. (SBN 43053)
   CELIA MCGUINNESS, Esq. (SBN 159420)
2  CATHERINE CABALO (SBN 248198)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:     510/832-5001
   Facsimile:      510/832-4787
5  reinlawoffice@aol.com

6  SHAANA RAHMAN, Esq. (SBN 195519)
   RAHMAN LAW PC
7  369 Pine Street, Suite 600
   San Francisco, CA 94104
8  Telephone:     415/956-9245
   Facsimile:      415/956-9246
9  shaana@rahmanlawsf.com

10 Attorneys for Plaintiff
   RAE ELLEN LEONARD
11
   * Defendants City of Capitola's and Capitola Successor Agency's counsel listed after the caption.
12
                      UNITED STATES DISTRICT COURT
13                  NORTHERN DISTRICT OF CALIFORNIA

14

15 RAE ELLEN LEONARD                  CASE NO.     C13-3714 BLF

16         Plaintiff,

17 v.                                 **STIPULATED JUDGMENT AND**
                                      **[PROPOSED] ORDER**
18 CITY OF CAPITOLA; CAPITOLA
19 SUCCESSOR AGENCY; COUNTY OF
   SANTA CRUZ; and DOES 1-100, Inclusive,
20
           Defendants.
21

22 VINCENT P. HURLEY, Esq. (SBN 111215)
   AMANDA M. COHEN, Esq. (SBN 243946)
23 LAW OFFICES OF VINCENT P. HURLEY
   A Professional Corporation
24 38 Seascape Village
   Aptos, CA  95003
25 Telephone:     831/661-4800
   Facsimile:      831/661-4804
26 vphurley@hurleylaw.com

27 Attorneys for Defendants
   CITY OF CAPITOLA and
28 CAPITOLA SUCCESSOR AGENCY

STIPULATED JUDGMENT & [PROPOSED] ORDER
CASE NO. C13-3714 BLF                          - 1 -

1.     Plaintiff RAE ELLEN LEONARD ("Plaintiff") filed a Complaint in this action on August 9, 2013, seeking damages for her alleged discriminatory experiences, denial of access, and denial of her civil rights, and seeking to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; California Government Code §§ 815.6, 830 *et seq.*, 840 *et seq.*, and 11135; and California civil rights laws against defendants CITY OF CAPITOLA ("City"); CAPITOLA SUCCESSOR AGENCY ("Successor Agency"); COUNTY OF SANTA CRUZ, and DOES 1-100, Inclusive (defendants City and Successor Agency are sometimes referred to collectively as the "Defendants"), relating to disabled access and accommodations for Plaintiff and other disabled persons on the Rispin Property in Capitola, California as of Plaintiff's visits as alleged in the Complaint, and continuing.  Plaintiff has also alleged that the Defendants maintained a dangerous condition on the Rispin Property, which caused Plaintiff injury.

2.     As of February 1, 2012, the Redevelopment Agency of the City of Capitola (the "Former Agency") dissolved pursuant to California Health & Safety Code Section 34172 and the Successor Agency was formed to serve as the successor agency to the Former Agency pursuant to California Health & Safety Code Section 34173(d)(3).  The Successor Agency may defend and settle this action in its own name in accordance with Section 368.5 of the Code of Civil Procedure.

3.     The City acquired the Rispin Property in 1985 and transferred it to the Former Agency in 2003.  The ownership of the Rispin Property transferred back to the City in March of 2011, then to the Successor Agency in April of 2012 and then back to the City in fall of 2012.  At the time of the alleged injury and alleged violations of Americans with Disability Act requirements, the Successor Agency owned the Rispin Property.

4.     Concurrent with entering into a Court-Enforceable Settlement Agreement and General Release (the "Settlement Agreement") and **Attachment B** to the Settlement Agreement, filed separately with the Court and which are incorporated herein by reference as if fully set forth in this document, Plaintiff,  the City and the Successor Agency (together sometimes the "Parties") hereby enter into this Stipulated Judgment and Order for the purpose of resolving this lawsuit without the need for protracted litigation.

**JURISDICTION:**

5.         The Parties to this Stipulated Judgment and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California law.

6.         In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Stipulated Judgment and Order agree to entry of this Stipulated Judgment and Order to resolve all claims raised in the Complaint filed with this Court.  Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

WHEREFORE, the Parties to this Stipulated Judgment hereby agree and stipulate to the Court's entry of this Stipulated Judgment and Order, which provide as follows:

**SETTLEMENT TERMS:**

7.         This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against the City and the Successor Agency that have arisen out of the subject Complaint.

8.         As compensation for all claims of Plaintiff, which includes damages, attorneys fees, litigation expenses and costs, Defendants will pay to Plaintiff through the trust account of The Law Offices of Paul L. Rein, the total sum of two hundred ninety five thousand dollars ($295,000), to be allocated by Plaintiff and her attorneys without further involvement of Defendants.  This total sum represents $193,598 in personal injury and civil rights damages to Plaintiff and $101,402 in attorneys' fees, litigation expenses, and costs.

9.         The Parties agree that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed upon.

a)         **Remedial Measures:** The corrective work agreed upon by the Parties is set forth in **Attachment B** to the Settlement Agreement, the engineering design of civil engineer Joe

Akers.  The City also agrees to *maintain* the accessible conditions created by the work detailed in **Attachment B** to the Settlement Agreement.  The restrooms shall remain closed unless and until they become compliant with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design.

b) **Timing of Injunctive Relief**:   The corrective work agreed upon by the Parties will be completed on the following schedule:  from the bottom of the bridge crossing Soquel Creek to the Nob Hill Shopping Center will be completed within one year of the date that the Stipulated Judgment is filed and the accompanying Order is issued ("Order Date"); from the top of the bridge to Wharf Road/Clares Street will be completed within two years of the Order Date;  the bridge itself and the connection from the bridge to Riverview Drive will be completed within four years of the Order Date.

**ENTIRE STIPULATED JUDGMENT AND ORDER:**

10.   This Stipulated Judgment and Order, and Settlement Agreement and **Attachment B** to the Settlement Agreement, which are incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the Parties, that is not contained in this written Stipulated Judgment and Order, Settlement Agreement, or **Attachment B** to the Settlement Agreement, shall be enforceable regarding the matters described herein.

**SIGNATORIES BIND PARTIES:**

11.   Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Stipulated Judgment and Order.  This Stipulated Judgment and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: August 20, 2014                    **LAW OFFICES OF PAUL L. REIN**
                                          **RAHMAN LAW PC**


                                          By: _____ */s/ Catherine Cabalo*_____
                                              Catherine Cabalo, Esq.
                                              Attorneys for Plaintiff
                                              RAE ELLEN LEONARD


Dated: August 20, 2014                    **LAW OFFICES OF VINCENT P. HURLEY, PC**


                                          By: _____ */s/ Vincent P. Hurley*_____
                                              Vincent P. Hurley, Esq.
                                              Attorneys for Defendant
                                              CITY OF CAPITOLA and CAPITOLA
                                              SUCCESSOR AGENCY


## ORDER

Pursuant to stipulation, and for good cause shown, the Court shall retain jurisdiction of this action to enforce the provisions of the parties' Court-Enforceable Settlement Agreement and General Release (including **Attachment B**) through completion of injunctive relief and payment of Plaintiff's negotiated damages, attorney fees, litigation expenses, and costs.


IT IS SO ORDERED.


Dated: _____, 2014              _____
                                   Honorable Beth Labson Freeman
                                   United States District Judge

**FILER'S ATTESTATION**

Pursuant to General Order 45, section X(B), I hereby attest that on August 20, 2014, I, Catherine Cabalo, attorney with The Law Office of Paul L. Rein, received the concurrence of Vincent P. Hurley in the filing of this document.

*/s/ Catherine Cabalo*
Catherine Cabalo

COURT-ENFORCEABLE SETTLEMENT AGREEMENT

AND GENERAL RELEASE

*Rae Ellen Leonard v. City of Capitola and Capitola Successor Agency*

**U.S. Dist. Ct., N.D. Cal., Case No. 13-3714 BLF**

This mutual settlement agreement and release (Agreement) is entered into by Plaintiff, Rae Ellen Leonard (hereafter referred to as "Leonard" or "Plaintiff"), and Defendants, City of Capitola ("City") and Capitola Successor Agency ("Successor Agency"), which includes without limitation their respective legislative bodies, the City Council, Board of Directors, and their members, and all departments, commissions, agencies, boards, predecessors, successors, subsidiaries, related entities, past, present, and future employees, elected officials, officers, directors, managers, agents, representatives, affiliates, assigns, and insurers (hereafter collectively referred to as "Capitola" or "Defendants"), regarding Leonard's claims against Capitola in United States District Court Case Number C13-3714 BLF (the "Lawsuit").

As of February 1, 2012, the Redevelopment Agency of the City of Capitola (the "Former Agency") dissolved pursuant to California Health & Safety Code Section 34172 and the Successor Agency was formed to serve as the successor agency to the Former Agency pursuant to California Health & Safety Code Section 34173(d)(3). The Successor Agency may defend and settle the litigation in its own name in accordance with Section 368.5 of the Code of Civil Procedure.

The Lawsuit alleges that Plaintiff was harmed when she fell on a path in Capitola, on the Rispin Property, owned at the time of alleged injury by Successor Agency. Leonard and her attorneys filed suit for both personal injury and for federal and state claims related to alleged discrimination based on disability and access to public facilities.

The City acquired the Rispin Property in 1985 and transferred it to the Former Agency in 2003. The ownership of the Rispin Property transferred back to the City in March of 2011, then to the Successor Agency in April of 2012 and then back to the City in fall of 2012. At the time of the alleged injury and alleged violations of the Americans with Disability Act requirements, the Successor Agency owned the Rispin Property.

The parties now desire to resolve, fully and forever, any and all actual and potential grievances, disputes, controversies, claims, actions and lawsuits which exist among them, to

settle all claims which were or could have been asserted by one against the other; and to dismiss the Lawsuit with prejudice, in order to avoid the uncertainties and expense of further litigation.

THEREFORE, the parties agree as follows.

## TERMS

1.  <u>STIPULATED JUDGMENT AND ORDER</u>.   Plaintiff and Capitola will submit to the Court the Stipulated Judgment  and Proposed Order attached hereto as *Attachment A.*

2.  <u>PAYMENT</u>.  As compensation for all claims of Plaintiff, which includes damages, attorneys fees, litigation expenses and costs, Defendants will pay to Plaintiff through the trust account of The Law Offices of Paul L. Rein, the total sum of two hundred ninety-five thousand dollars ($295,000), to be allocated by Plaintiff and her attorneys without further involvment of Defendants.  This total sum represents $193,598 in personal injury and civil rights damages to Plaintiff and $101,402 in attorneys fees, litigation expenses, and costs.  Payments described in this paragraph shall be made by check payable to "PAUL L. REIN IN TRUST FOR RAE ELLEN LEONARD."  Payments shall be delivered to The Law Office of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94612.  A W-9 from Plaintiff's attorneys' office shall be provided to Defendants for the payments described in this paragraph. The payment will be made as follows:

- $147,500.00 from the Monterey Bay Area Self Insurance Authority;

- $88,500.00 from the Successor Agency, which amount will be loaned by the City to the Successor Agency to allow for prompt payment to the Plaintiff and settlement of this litigation at this time rather than waiting for the Successor Agency to process a request for payment under the process set forth in the redevelopment dissolution statute; and

- $59,000.00 from the City.

3.  <u>INJUNCTIVE RELIEF</u>.   The Parties agree that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed upon. The City shall pay for fifty percent of the costs of the corrective work and the Successor Agency shall pay for fifty percent of the costs of the corrective work.

**(a) Remedial Measures:** The corrective work agreed upon by the Parties is set forth in

*Attachment B*,  the engineering design of civil engineer Joe Akers.  The City also agrees to *maintain* the accessible conditions created by the work detailed in *Attachment B*.  The restrooms shall remain closed unless and until they become compliant with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design.

      **(b) Timing of Injunctive Relief**:   The corrective work agreed upon by the parties will be completed on the following schedule:  from the bottom of the bridge crossing Soquel Creek to the Nob Hill Shopping Center will be completed within one year of the date that the Stipulated Judgment is filed and Order thereon is entered; from the top of the bridge to Wharf Road/Clares Street  will be completed within  two years of the date that the Stipulated Judgment is filed and Order thereon is entered;  the bridge itself and the connection from the bridge to Riverview Drive will be completed within four years of the date that the Stipulated Judgment is filed and Order thereon is entered.

      **(c) Unforeseen Difficulties:**   In the event that unforeseen difficulties prevent Defendants from completing any of the agreed upon corrective work as scheduled, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide Plaintiff's counsel with a status report no later than 120 days from the entry of the Stipulated Judgment.  If  Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorneys' fees for any compliance work necessitated by Defendants' failure to keep this agreement.  If the Parties disagree, such fees shall be set by the Court.

      4.    <u>RELEASE</u>.   Except as set forth in Section 3 above, Plaintiff hereby releases and forever discharges Defendants, and their respective officers, elected officials, directors, all employees, subsidiaries, agents, attorneys, representatives, successors, heirs and assigns of and from any and all claims, debt, liabilities, demands, obligations, costs, expenses, liens, damages, actions and causes of action, of every nature, character and description, known and unknown, which the parties now own or hold, or have at anytime owned or held, or may at any time own or hold, by reason of any matter, cause or thing whatsoever incurred, done, omitted or suffered to be done prior to the date of this Agreement, which Plaintiff may have on account of, or in anyway related to the Lawsuit.

      5.    <u>WAIVER OF CIVIL CODE § 1542</u>.   Plaintiff is represented by attorneys at the time of executing this release.  Plaintiff and her attorneys have spent considerable time

examining the occurrences and transactions which are the subject of this release, and based upon that examination Plaintiff expressly waives and relinquishes all her respective rights created under California Civil Code § 1542, which states:

> "CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE -- A general release does not extend to claims which the creditor does not know or suspect to exist in [her] favor at the time of executing the release, which, if known by [her], must have materially affected [her] settlement with the debtor."

6.    <u>DISPUTED CLAIMS</u>.  This Agreement is a compromise and settlement of disputed claims, and nothing in this Agreement shall be construed at any time as an admission of liability on the part of Defendants.

7.    <u>RELIANCE UPON OWN JUDGMENT</u>.  Plaintiff relies wholly upon her own judgment, beliefs and knowledge of the nature, extent and duration of her damages, if any, and acknowledges that she has not been influenced to any extent whatever in making this agreement by any representations or statements regarding said damages or any other matters, made by either Defendants in this case, or by any person or persons representing them.

8.    <u>MEDICARE LIENS.</u>

A.    <u>General Statement for Protection of Medicare's Interest</u>

This settlement is based upon a good faith determination of the Plaintiff to resolve a disputed claim.  Plaintiff and the Defendants have attempted to resolve this matter in compliance with both state and federal law.  Plaintiff and Defendants have made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms, and have not attempted to shift responsibility of medical treatment to Medicare pursuant to 42 U.S.C. § 1395y(b).

B.    <u>Responsibility for Satisfaction of All Liens-General Statement</u>

Plaintiff represents and warrants that all bills, costs, or liens resulting from or arising out of Plaintiff's alleged injuries and all of the facts alleged in Plaintiff's complaint are Plaintiff's responsibility to pay.  Plaintiff agrees to assume responsibility for satisfaction of any and all rights to payment, claims or liens, of any kind, that arise from or are related to payments made or services provided to Plaintiff, or on such Plaintiff's behalf, and expenses, costs, or fees incurred in connection with the claims asserted by Plaintiff related to Plaintiff's alleged injuries and all of the facts alleged in Plaintiff's complaint, including without limitation, all subrogation claims,

liens, or other rights to payment, relating to medical treatment or lost wages that have been or may be asserted by any health care provider, insurer, governmental entity, employer, or other person or entity.

C.        Settlement Funds

Plaintiff warrants and represents that settlement funds will be used to satisfy any Medicare lien(s) and will be put into a trust to be approved by the court.

D.        Medicare Benefits Reimbursement.

Plaintiff has received Medicare benefits for treatment related to Plaintiff's claims in this action.

Plaintiff agrees to provide Defendants with a copy of all letters or other written correspondence from Plaintiff's counsel notifying Governmental Entities that Plaintiff's claims have settled.  Plaintiff and Plaintiff's counsel further agree to provide attorneys for Defendants:

1. Copies of correspondence from and to CMS/MSPRC relating to Conditional Payments made by Medicare associated with Plaintiff's alleged injuries and all of the facts alleged in Plaintiff's complaint.
2. Once this settlement is finalized Plaintiff's counsel will deliver to attorneys for Defendants a Final Determination letter (FD) issued by CMS/MSPRC regarding satisfaction of all Conditional Payments within five (5) days of FD being issued.
3. If Plaintiff is unwilling or unable to comply with number (1) above Plaintiff's counsel will provide a letter to attorneys for Defendants, authorizing Defendants to withhold from the settlement monies an amount sufficient to satisfy any potential Governmental Entities' liens including Medicare Conditional Payments for past payments related to Plaintiff's injuries and/or treatment arising from the facts alleged in Plaintiff's complaint, and that the monies so withheld will be used solely for the purpose of satisfying any Governmental Entities' liens including Medicare Conditional Payments until all such liens and Conditional Payments have been satisfied.

As to future medical payments, Plaintiff and Plaintiff's counsel agree that it is the Plaintiff's sole and continuing responsibility to maintain an accounting of all Medicare-covered expenses relating to Plaintiff's claims.

If the amounts the Plaintiff and Plaintiff's counsel withhold and set aside for satisfying any Governmental Entities' liens including Medicare Conditional Payments and future medical expenses prove to be insufficient to finally completely satisfy all Conditional Payments and future medical expenses related to Plaintiff's claims, Plaintiff agrees to indemnify and hold Defendants and all of their attorneys harmless from any and all damages, claims and rights to payment.

9.      <u>ATTORNEYS FEES</u>.  Except as set forth in Sections 2 and 3(c), Plaintiff and Defendants shall bear their own costs and attorneys fees.  If it becomes necessary to engage in legal proceedings to enforce or interpret any of the provisions of this agreement, the prevailing party will be entitled to recover her or its reasonable attorney's fees incurred in connection with such proceedings.

10.      <u>WARRANTIES</u>.  Plaintiff warrants that the settlement evidenced by this Agreement and the execution of this Agreement has been approved and authorized by Plaintiff.  The representatives signing for Defendants warrant that the agreement has been approved by the respective Boards of Defendants.

11.      <u>SEVERABILITY</u>.  Should any provision of this Agreement be held invalid or illegal, such illegality will not invalidate the remainder of this Agreement.  Instead, the Agreement shall be construed as if it did not contain the illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.

12.      <u>INTERPRETATION</u>.  This Agreement shall be construed and enforced pursuant to the laws of the State of California.

13.      <u>REPRESENTATION</u>.  Plaintiff and Defendants acknowledge that they have been represented by independent legal counsel of their own choice, that this Agreement was prepared with the joint input of counsel, and shall not be construed in favor of or against any party to the Agreement.  Plaintiff further acknowledges that this Agreement was executed freely and voluntarily and with the consent of and on the advice of independent legal counsel.  Plaintiff hereby does authorize and direct her attorney of record to dismiss all Defendants and this lawsuit with prejudice once all payments described in Paragraph 2 are delivered to Plaintiff's counsel.

14.      <u>ASSIGNMENT</u>.  All parties warrant that no claims or causes of action arising out of the event or occurrences recited herein have been assigned to any other person or entity, except to the extent required by law for Medicare.

15.      <u>SUCCESSORS-IN-INTEREST</u>. This Agreement shall be binding on Plaintiff, the

City, the Successor Agency and any of the parties' respective agents, assigns, attorneys, heirs, personal representatives, executors, trustees, and successors-in-interest. The City and the Successor Agency have a duty to so notify all such successors-in-interest of the existence and terms of this Agreement during the period prior to completion of all settlement terms described in this Agreement.

16.    TAXES. Plaintiff acknowledges and agrees that (a) it is Plaintiff's responsibility to pay and satisfy taxes, if any, with respect to any sums payable under this Agreement; (b) Plaintiff has not received any representation or advice from Defendants or their counsel concerning the taxable or nontaxable nature of any sums payable under this Agreement; and (c) Plaintiff will not seek or make a claim for defense, indemnity, reimbursement, damages, or for any other or additional payment against Defendants if a claim or determination is made that all or part of any payment made under this Agreement should have been treated as taxable or subject to withholding, or if Plaintiff is found liable for any taxes, costs, penalties, assessments, interest, and/or loss.

17.    DELIVERY. The parties agree that Plaintiff's attorney will accept the sum of money identified above as trustee for Plaintiff in this action, and that Capitola will not participate in any way, or be responsible in any way for the ultimate distribution of the money.

18.    AGREEMENT. This document contains the entire agreement and the terms of this settlement and release are contractual.

19.    SIGNATURES. The Parties agree to execute in counterparts, with the same force and effect as if executed in a single, complete document. Facsimile or PDF signatures shall have the same force and effect as original signatures.

20.    PAGINATION. This agreement consists of nine (9) pages with signatures contained on Pages 7, 8 and 9.

"PLAINTIFF"

Date: 8/11/14

_____
RAE ELLEN LEONARD

COURT-ENFORCEABLE SETTLEMENT AGREEMENT & RELEASE – *Leonard v. City of Capitola et al.*
Page 7 of 10

Reviewed and approved as to form.          LAW OFFICES OF PAUL L. REIN

By: _____
          Catherine Cabalo

RAHMAN LAW PC


By: _____
          Shaana Rahman

Reviewed and approved as to form.        LAW OFFICES OF PAUL L. REIN


By: _____
        Catherine Cabalo

RAHMAN LAW PC

By: _____
        Shaana Rahman

"DEFENDANTS"

Date: _8/14/14_

CITY OF CAPITOLA

By: _____
    Jamie Goldstein, City Manager

CAPITOLA SUCCESSOR AGENCY

Date: _8/14/14_

By: _____
    Jamie Goldstein, Executive Director

Reviewed and approved as to form.

ATCHISON, BARISONE, CONDOTTI &
KOVACEVICH

By: _____
    Anthony Condotti

LAW OFFICE OF VINCENT P. HURLEY

By: _____
    Vincent P. Hurley AMAVDI COHEN

**ORDER**

Pursuant to the above Court-Enforceable Settlement Agreement and Release, and for good cause shown, the Court shall retain jurisdiction of this action to enforce the provisions of this agreement through completion of injunctive relief and payment of Plaintiff's negotiated damages, attorney fees, litigation expenses, and costs.

Dated: _____, 2014           _____

Honorable BETH LABSON FREEMAN
United States District Judge



SHEET INDEX

| RAMP | SHEET NUMBER |
|------|--------------|
| A | 2 |
| B | 2,3 |
| C | 4,5 |
| D | 6 |
| E | 7 |
| F | 8 |
| G | 9 |

CENTER STREET

RIVERVIEW AVENUE

SHOPPING CENTER

RAMP F

CITY OF CAPITOLA
PEERY PARK

RESTROOMS

SOQUEL CREEK

SOQUEL CREEK

RAMP G

RAMP E

RISPIN MANSION

RAMP D

RAMP C

RAMP B

RAMP A

WHARF ROAD

JOE L. AKERS
CIVIL ENGINEER
830 BAY AVE, SUITE E, CAPITOLA, CA 95010
(831) 475-8507

BASE — KEY MAP

LEONARD v. CITY OF CAPITOLA

RISPIN/PEERY PARK
2000 WHARF ROAD
CAPITOLA, CALIFORNIA

BASE

| DATE | 3.26.14 |
| DRAWN BY | JLA |
| SCALE | 1" = 30' |

1 OF 9



## PLAN VIEW - RAMP B
SCALE 1"=10'

S 15° 22' E          779.31'

WALK          MASONRY WALL

CONC BENCH
AC
ROCK RETAINING WALL
(E) CONC WALL
SUNDIAL
CONCRETE POOL
CONC WALL
BRICK
CONC FOUNDA

## PLAN VIEW - RAMP A
SCALE 1"=5'

779.31'

JOE L. AKERS
CIVIL ENGINEER
830 BAY AVE, SUITE E,   CAPITOLA, CA 95010
(831) 475-8507

RAMP A & B
LEONARD v. CITY OF CAPITOLA

RISPIN/PEERY PARK
2000 WHARF ROAD
CAPITOLA, CALIFORNIA

DATE          1.24.14
DRAWN BY      JLA
SCALE         AS SHOWN

2  OF  9



## PROFILE VIEW - RAMP B

SCALE HORIZONTAL: 1"=10'
VERTICAL: 1"=5'

JOE L. AKERS
CIVIL ENGINEER
830 BAY AVE., SUITE "E"   CAPITOLA, CA 95010
(831) 475-8507

RAMP B

LEONARD v. CITY OF CAPITOLA

RISPIN/PEERY PARK
20000 WHARF ROAD
CAPITOLA, CALIFORNIA

| | |
|---|---|
| DATE | 3.24.14 |
| DRAWN BY | JLA |
| SCALE | 1" = 10' |

3 OF 9



## PLAN VIEW - RAMP C
SCALE 1"=10'



## PROPOSED PROFILE RAMP C
SCALE HORIZONTAL: 1"=10'
VERTICAL: 1"=5'



JOE L. AKERS
CIVIL ENGINEER
830 BAY AVE. SUITE E.    CAPITOLA, CA 95010
(831) 475-6507

RAMP C

LEONARD  v.  CITY  OF  CAPITOLA

RISPIN/PEERY PARK
2000 WHARF ROAD
CAPITOLA, CALIFORNIA

| DATE | 3.24.14 |
| DRAWN BY | JLA |
| SCALE | 1" = 10' |

4  OF  9



## EXISTING PROFILE TRAIL & RAMP C

SCALE  HORIZONTAL:  1"=10'
VERTICAL:  1"=5'



## EXISTING PROFILE TRAIL & RAMP C

SCALE  HORIZONTAL:  1"=10'
VERTICAL:  1"=5'



JOE L. AKERS
CIVIL  ENGINEER
830 BAY AVE, SUITE E,   CAPITOLA, CA  95010
(831) 475-8507

RAMP C

LEONARD  v.  CITY  OF  CAPITOLA

RISPIN/PEERY PARK
2000 WHARF ROAD
CAPITOLA, CALIFORNIA

DATE  3.24.14
DRAWN BY  JLA
SCALE  1" = 10'

5  OF  9



## PLAN VIEW - RAMP D

SCALE 1"=10'

## PROFILE VIEW - RAMP D

SCALE HORIZONTAL: 1"=10'
VERTICAL: 1"=5'

JOE L. AKERS
CIVIL ENGINEER
830 BAY AVE, SUITE E., CAPITOLA, CA 95010
(831) 475-8507

RAMP D

LEONARD v. CITY OF CAPITOLA

RISPIN/PEERY PARK
2000 WHARF ROAD
CAPITOLA, CALIFORNIA

| DATE | 1.24.14 |
| DRAWN BY | JLA |
| SCALE | 1" = 10' |

6 OF 9



## PLAN VIEW - RAMP E

SCALE: 1"=10'



## PROFILE VIEW - RAMP E

SCALE: HORIZONTAL: 1"=10'
VERTICAL: 1"=5'



JOE L. AKERS
CIVIL ENGINEER
830 BAY AVE, SUITE E, CAPITOLA, CA 95010
(831) 475-8507

RAMP E

LEONARD v. CITY OF CAPITOLA

RISPIN/PEERY PARK
2000 WHARF ROAD
CAPITOLA, CALIFORNIA

| | |
|---|---|
| DATE | 3.24.14 |
| DRAWN BY | JLA |
| SCALE | 1" = 10' |

7 OF 9



## PLAN VIEW - RAMP F

SCALE  1"=10'



## PROFILE VIEW - RAMP F

SCALE HORIZONTAL: 1"=10'
VERTICAL: 1"=5'



DEMO EXISTING RAMP AND CONSTRUCT
NEW CONCRETE RAMP SYSTEM

NEW RETAINING WALL
MAX. HEIGHT 3'±

SWITCH BACK

JOE L. AKERS
CIVIL   ENGINEER
830 BAY AVE. SUITE E,   CAPITOLA, CA  95010
(831) 475-6507

RAMP F

LEONARD  v.  CITY  OF  CAPITOLA

RISPIN/PEERY PARK
2000 WHARF ROAD
CAPITOLA, CALIFORNIA

DATE          1.24.14
DRAWN BY          JLA
SCALE          1" = 10'

8  OF  9



DEMO EXISTING RAMP AND CONSTRUCT
NEW CONCRETE RAMP SYSTEM

DEMO LANDING AND CONSTRUCT
NEW CONCRETE LANDING

DEMO SECTION RETAINING WALL
& CONSTRUCT NEW RETAINING
WALL MAX. 3' HIGH

DEMO LANDING AND CONSTRUCT
NEW CONCRETE LANDING.

DEMO SECTION RETAINING WALL
& CONSTRUCT NEW RETAINING
WALL MAX. 3' HIGH

DEMO LANDING AND CONSTRUCT
NEW CONCRETE LANDING.

NEW LANDING LOCATION

DEMO SECTION RETAINING WALL
& CONSTRUCT NEW RETAINING
WALL MAX. 3' HIGH

## PLAN VIEW - RAMP G
SCALE 1"=10'





## PROFILE VIEW - RAMP G

SCALE  HORIZONTAL:  1"=10'
VERTICAL:  1"=5'



JOE L. AKERS
CIVIL   ENGINEER
830 BAY AVE., SUITE E.,   CAPITOLA, CA  95010
(831) 475-0507

RAMP G

LEONARD  v.  CITY  OF  CAPITOLA

## RISPIN/PEERY PARK
2000 WHARF ROAD
CAPITOLA, CALIFORNIA

PHASE

| DATE | 3.24.14 |
| DRAWN BY | JLA |
| SCALE | 1" = 10' |

9 OF 9